UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00435-FDW
(3:17-cr-00134-FDW-DSC-76)

| | |
|---|---|
| LAVON CHRISTOPHER TURNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial screening of Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

**I.    BACKGROUND**

On December 20, 2017, Petitioner Lavon Christopher Turner ("Petitioner") pleaded guilty without a plea agreement to one count of RICO conspiracy in violation of 18 U.S.C. §§ 1962(d) and 1963(a) (Count One) and one count of conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1349 and 1343 (Count Sixty-Six). [CR Doc. 927: Acceptance and Entry of Guilty Plea; CR Doc. 3: Bill of Indictment]. He was sentenced to 35 months' imprisonment on each count to run concurrently followed by two years of supervised release on each count, also to run concurrently. [CR Doc. 1616: Judgment]. Judgment on his conviction was entered on June 4, 2018. [Id.]. According to the Bureau of Prisons Inmate Locator, Petitioner was released on November 29, 2019. On February 14, 2020, Magistrate Judge David S. Cayer granted the U.S.

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:21-cv-00435-FDW, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:17-cr-00134-FDW-DSC-76.

Probation Officer's Petition seeking a warrant to arrest Petitioner for numerous supervised release violations. [CR Doc. 2846]. Judge Cayer issued a warrant for Petitioner's arrest. [Id. at 7]. On February 19, 2021, while Petitioner was apparently housed at the Mecklenburg County Jail for conduct constituting some of the violations,[2] Magistrate Judge David Keesler entered a Writ of Habeas Corpus Ad Prosequendum ordering that Petitioner be brought before the Court to make an initial appearance on the supervised release violation charges. [CR Doc. 3086; see CR Doc. 3131]. Petitioner appeared and was ordered detained on February 24, 2021. [CR Doc. 3100]. Petitioner's revocation hearing was held on May 26, 2021. Petitioner admitted guilt to all seven violations. [CR Doc. 3176 at 1: Judgment]. He was sentenced to a term of imprisonment of six (6) months and remanded to the custody of the U.S. Marshal. [Id. at 2]. The revocation Judgment was entered on June 22, 2021. [Id.].

On August 18, 2021, Petitioner filed the pending § 2255 motion to vacate. [CV Doc. 1]. As grounds, Plaintiff claims the following: (1) his counsel was ineffective because he told Petitioner that "all of [his] time will be credited since the beginning of [his] confinement which was 1/2/21 because [he] had a federal hold so if [he] wanted to bond out on [his] state charges [he] still wouldn't be able to leave so that time will go to [his] federal sentence;" (2) "a complete miscarriage of justice a constitutional violation" because before he was able to finish his six-month federal sentence, he was transferred back to state custody to "face [his] state charges" for which he has been granted bonds and now, due to the federal hold, he cannot bond out; (3) "mishandling of case/custody by the US Marshal" because of the delay between Petitioner turning himself in on January 2, 2021 and Petitioner's appearance on the federal charges on February 19, 2021, which

---

[2] These charges included assaulting a minor – his own three-year child by punching the child in the face, in violation of N.C.G.S. § 14-33(c)(3); assaulting a female in violation of N.C.G.S. § 14-33(c)(2); and damage to the same female's property in violation of N.C.G.S. § 14-160. [Doc. 2846 at 2].

2

Petitioner admits was due to COVID; and (4) "improper sentence" because Petitioner was arrested on January 2, 2021[3] and, therefore, should have been released from his federal hold on July 1, 2021.  [CV Doc. 1 at 6-8].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.  After conducting an initial screening and examining the record in this matter, the Court finds that the Petitioner has not asserted a colorable claim for relief cognizable under § 2255(a) and the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

To the extent Petitioner states any viable grounds for relief, they relate to the manner in which his sentence is being executed, not to the validity of any conviction or sentence.  As such, Petitioner should seek relief, if at all, either directly through the Bureau of Prisons or through a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000).  Although Petitioner purports to assert a claim for ineffective assistance of counsel, the substance of this claim relates to the manner in which his sentence is being executed, particularly where Petitioner alludes to no prejudice resulting from any alleged information provided by his attorney

---

[3] Petitioner states that he turned himself in on this date on his state charges "as well for [his] federal warrents [*sic*]."  [CV Doc. 1 at 8].

3

In sum, for the reasons stated herein, § 2255 is not the proper avenue for the relief Plaintiff seeks. The Court, therefore, will deny and dismiss Petitioner's motion without prejudice to his seeking the proper relief. In so doing, the Court does not address the merits of any of Petitioner's claims under § 2255.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED without prejudice** in accordance with the terms of this Order.

Signed: September 27, 2021

_____
Frank D. Whitney
United States District Judge